IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JOSE F. ALVAREZ-ROMAN**,
    Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY**,
    Defendant.

Civil No. 19-1780 (BJM)

## OPINION & ORDER

Plaintiff Jose F. Alvarez-Roman ("Alvarez") filed the present case challenging the Commissioner of the Social Security Administration's ("Commissioner's") denial of his petition for Social Security disability insurance benefits. Docket No. ("Dkt.") 2. The parties consented to proceed before me. Dkts. 3, 5. After reviewing the record, I vacated the Commissioner's decision and remanded the case for further administrative proceedings. Dkt. 33. Judgment in the case was entered on September 8, 2021. Dkt. 34.

On November 10, 2021, Alvarez's counsel, David Luis Torres-Velez ("Torres"), filed a motion for attorney fees in the amount of $3,900 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. 37. I granted the motion for attorney fees accordingly. Dkt. 40.

On January 23, 2025, Torres filed a motion for attorney's fees pursuant to § 406(b) of the Social Security Act ("406(b)") in the amount of $17,772.75 but requests the court order the agency to only disburse the net attorney's fee in the amount of $13,822.75. Dkt. 41 at1. For the reasons explained below, Cruz's motion for attorney's fees pursuant to 406(b) is **GRANTED IN PART**.

### APPLICABLE LEGAL STANDARDS

In Social Security cases, attorney fees can be obtained pursuant to the EAJA or the Social Security Act, 42 U.S.C. § 406. Fee awards may be made under both the EAJA and 406(b), but if

Case 3:19-cv-01780-BJM    Document 48    Filed 03/05/25    Page 2 of 10

*Alvarez-Roman v. Comm'r of Soc. Sec.*, Civil. No. 19-1780 (BJM)                               2

fees are awarded under both, the attorney claiming the award must refund the lesser award to the client. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. § 2412.

Under the EAJA, a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the government's position in the litigation was not "substantially justified." § 2412(d)(1)(A); *see also Gisbrecht*, 535 U.S. at 796. EAJA fees are determined not by a percent of the amount recovered, but by the "time expended" and the attorney's "[hourly] rate," § 2412(d)(1)(B), which is capped at $125 per hour. § 2412(d)(2)(A). *See Gerardo Dieppa-Velázquez v. Comm'r of Soc. Sec.*, 19-CV-1574 (CVR) (D.P.R. May 25, 2021).

However, as noted above, a reasonable fee may be awarded to an attorney who successfully represented a claimant in federal court under 42 U.S.C. § 406(b)(1)(A). When a court renders judgment favorable to a Social Security claimant who has legal representation, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike the EAJA, however, 406(b) does not authorize the prevailing party to recover fees from the losing party. Instead, 406(b) authorizes fees payable from the successful party's recovery. *Gisbrecht*, 535 U.S. at 795.

The Commissioner has interpreted 406(b) to "prohibi[t] a lawyer from charging fees when there is no award of back benefits." *Id*. A court may award fees under 406(b) when, for example, "the court remands . . . a case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493-96 (10th Cir. 2006). However, 406(b) is not meant to permit counsel to request inordinate or unreasonable fees under the guise of a contingency fee agreement. 406(b) calls for court review of contingent fee arrangements between claimants and counsel to assure that they yield reasonable

Case 3:19-cv-01780-BJM    Document 48    Filed 03/05/25    Page 3 of 10

*Alvarez-Roman v. Comm'r of Soc. Sec.*, Civil. No. 19-1780 (BJM)                                                                3

results. Agreements are also de facto unenforceable if they provide for fees exceeding 25 percent of the past-due benefits. § 406(b)(1)(A). Even within the 25 percent boundary, plaintiff's counsel must show that the fee sought is reasonable given the services rendered. *Id*. Courts must ensure that fees are reasonable even if they are less than 25% of the past-due benefits, as there is no presumption that 25% is reasonable. *Gisbrecht*, 535 U.S. at 807 n.17.

In determining a reasonable fee, a court should look first to the contingent fee arrangement, then test for reasonableness "based on the character of the representation and the results the representative achieved." *Id*. at 808. Factors relevant to reasonableness include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in the resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id*. The claimant's attorney can also be required to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal billing rate for non-contingency fee cases. *Id*. "If the benefits are large in comparison to the amount of time counsel spent on a case, a downward adjustment is similarly in order." *Id*. (citations omitted).

The statute does not specify a deadline for requesting fees. District of Puerto Rico Local Rule 54(b) states that "An application for attorneys' fees in those cases for which fees have been contracted . . . shall be filed within fourteen (14) days of the expiration of the time for filing a timely appeal." Furthermore, District of Puerto Rico Local Rule 9(d)(2) was amended effective on February 28, 2022 to state that "[a] party seeking attorneys' fees pursuant to 42 U.S.C. § 406(b) shall have thirty (30) days after counsel's receipt of the original, amended, or corrected Notice of Award, or the Social Security Correspondence sent at the conclusion of the Agency's past-due benefit calculation, stating the amount withheld." *See* 03-MC-115, Dkt. 71-1. Local Rule 1(a)

*Alvarez-Roman v. Comm'r of Soc. Sec.*, Civil. No. 19-1780 (BJM)                                    4

provides that "[t]he Court may modify [the local] rules in exceptional circumstances or when justice so requires."

## DISCUSSION

### A. Timeliness

Torres received the January 11, 2025 award notice (termed the Notice of Award, or "NOA") by the Social Security Administration ("SSA") on January 14, 2025. Dkt. 41 at 2; 41-2. A fourteen-day filing deadline applies to 406(b) motions and the countdown to this deadline begins upon delivery of an original or amended NOA to counsel. *Pais v. Kijakazi*, 52 F.4th 486, 494 (1st Cir. 2022); D.P.R. Civ. R. 9(b)(2); *see also* L.Civ.R. 9(d)(2). Social security regulations state the date of notification is considered to be five days after the date on the notice. *See* 20 C.F.R. §404.1703. Regardless, since Torres filed his motion on January 23, 2025, nine days after receiving the NOA from the SSA, he has filed his motion timely.

### B. Effectuating Payment of Net 406(b) Fees Through Offset Procedure

Before turning to the reasonableness of the fees, I will address Torres's request that the court order the agency only process the net attorney's fees in the amount of $13,822.75, deducting the EAJA fees that need to be refunded to claimant from the total amount of the 406(b) fees. Dkt. 41 at 8. That is, Torres seeks to meet his refund obligation by using an offset procedure. The government opposes arguing Torres's proposal is an "end-run around the statute and regulation and the potential for abuse . . . is real." Dkt. 43 at 2 (internal quotations omitted).

As stated above, in Social Security cases, attorney fees can be obtained pursuant to the EAJA or the Social Security Act, 42 U.S.C. § 406. Fee awards may be made under both the EAJA and 406(b), but if fees are awarded under both, the attorney claiming the award must refund the

*Alvarez-Roman v. Comm'r of Soc. Sec.*, Civil. No. 19-1780 (BJM)                                                                  5

lesser award to the client. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. § 2412. The §2412(d) notes read, in pertinent part, as follows:

> Section 206(b) of the Social Security Act (42 U.S.C. 406(b)(1)) shall not prevent an award of fees and other expenses under section 2412(d) of title 28, United States Code. Section 206(b)(2) of the Social Security Act shall not apply with respect to any such award but only if, where the claimant's attorney receives fees for the same work under both section 206(b) of that Act and section 2412(d) of title 28, United States Code, **the claimant's attorney refunds to the claimant the amount of the smaller fee."**

Pub.L.No. 99-80, §3, 99 Stat 183 (1985) ("Savings Provision" added to 28 U.S.C. §2412 notes) (emphasis added). A natural reading of this language contemplates it is the attorney's obligation to refund the award with the lesser amount to the claimant. *See O'Donnell v. Saul*, 983 F.3d 950 (7th Cir. 2020) ("There's not much room to argue about the natural reading of this language. . . . And '[t]he obligation to make the refund is imposed on the attorney.'")

Torres cites to an Eleventh Circuit case so that the court applies the proposed offset procedure. Dkt. 41 (citing *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010)). There, the court reasoned that the EAJA Savings Provision does not mandate a specific procedure for refunding the attorney's fee or require that the court effectuate the refund. *See Jackson*, 601 F.3d at 1272. Accordingly, the attorney is responsible for effectuating the refund and may do so by (1) reducing her Section 406(b) fee request by the amount of the EAJA award, or (2) refunding the smaller EAJA award to Plaintiff and accepting the larger Section 406(b) award in full. *Id.* at 1273-74.

District Courts in other Circuits have applied the offset procedure. *See, e.g., Willis v. Comm'r of Soc. Sec.*, No. 1:10-CV-594, 2014 WL 2589259, at *7 (S.D. Ohio June 10, 2014) (deducting EAJA award from Section 406(b) fee*); Allan v. Comm'r of Soc. Sec.*, No. 10-11651, 2014 WL 1818110, at *1 (E.D. Mich. May 7, 2014) (reducing Section 406(b) fees by

Case 3:19-cv-01780-BJM   Document 48   Filed 03/05/25   Page 6 of 10

*Alvarez-Roman v. Comm'r of Soc. Sec.*, Civil. No. 19-1780 (BJM)                                                    6

amount of previous EAJA award)*; Kolp v. Colvin*, No. 12-C-842, 2015 WL 4623645, at *2 (E.D. Wis. Aug. 3, 2015) (deducting EAJA award from § 406(b) fees); *Wojtecki v. Comm'r of Soc. Sec.*, No. CIV. 09-584-ST, 2011 WL 1694462, at *5 (D. Or. Apr. 6, 2011) *report and recommendation adopted*, No. CV 09-584-ST, 2011 WL 1671549 (D. Or. May 3, 2011) (subtracting the EAJA fee); *Boissiere v. Astrue*, No. C-09-02081 JCS, 2011 WL 1045170, at *4 (N.D. Cal. Mar. 22, 2011) (recognizes offset procedure).

The First Circuit has not addressed the issue. However, the government cites to *Shaw v. Astrue*, No. 1:09-cv-455-JAW, 2011 WL 2416261 (D. Me. June 13, 2011), R & R adopted, 2011 WL 2618872 (D. Me. July 1, 2011) to support their opposition to the offset procedure. There, the district court did not use the offset procedure because applying it would make the claimant wait for the balance of the money due to him rather than the attorney who has already received an advanced payment of his/her fees from the claimant out of his/her past due benefits, which have already been reduced to pay attorney's fees directly to the attorney. *Id.* at *2. Torres argues the case does not present similar facts. While it is true that Alvarez has not made any "advance" payments to Torres, the concern that the procedure is an end-run to the statute is applicable. While Torres states that the claimant would not receive the EAJA refund until he himself receives the § 406(b) fees authorized by this court, Dkt. 46 at 5-6, the same is true if the court agreed with his proposal. Alvarez would have to wait until the court determines a reasonable fee and if there is any remainder from the money withheld, it would be sent to claimant. *See* Dkt. 41-2 at 2. Therefore, Torres's concern for the time Alvarez would have to wait is pointless as Alvarez would not receive the funds until a there is a determination of the amount of the attorney's fees and the SSA processes the payment.

Case 3:19-cv-01780-BJM    Document 48    Filed 03/05/25    Page 7 of 10

*Alvarez-Roman v. Comm'r of Soc. Sec.*, Civil. No. 19-1780 (BJM)                                                         7

Torres also argues that were he given the 25% withheld, Alvarez's prior attorneys would not be able to collect their fees and would have to chase or sue Alvarez for payment. Dkt. 46 at 4-5. Torres states the release of the gross fee instead of the net fee will allow the agency to avoid its obligations of disbursement of any subsequently authorized fee. *Id.* However, the agency does not have an obligation to pay the attorneys, it is claimant's obligation. *See Binder & Binder, P.C. v. Colvin*, 818 F,3d 55, 71 (2d Cir. 2016) ("[T]he Social Security Act [SSA] fees, whether for services before the SSA or the court, are the plaintiff's debt and not the government's.").

Torres's policy arguments are beside the point. I must apply the statute as it is written — even if [I] think some other approach might 'accor[d] with good policy.'" *Burrage v. United States*, 571 U.S. 204, 218 (2014) (quoting *Comm'r v. Lundy*, 516 U.S. 235, 252, (1996)). In light of the natural reading of the statute, the Commissioner's objection, and without guidance from the First Circuit authorizing this procedure, I will not apply the offset procedure here. Because the EAJA award is less than the full § 406(b) award to which Torres is entitled, Torres will be directed to refund the smaller EAJA amount pursuant to 28 U.S.C. § 406(b).

## C. Reasonableness of Fees

I next turn to the reasonableness of the fees requested. Torres requests $17,722.75 in attorney's fees per the agreement between Alvarez and Torres, which provides for Torres to receive 25% of Alvarez's past-due benefits or the EAJA fee. Dkt. 41-1. Torres claims that his request is reasonable not only because of the contingent nature of his representation of Alvarez, but also because the contract between himself and Alvarez provides that Torres may seek 25% of the past due benefits awarded to Alvarez and his work at the district court level is what led to the Alvarez receiving past due benefits dating back to May 2016. Dkt. 41 at 3. The government does not oppose Torres's request for $17,722.75 in attorney's fees. Dkt. 43 at 1-2.

Case 3:19-cv-01780-BJM   Document 48   Filed 03/05/25   Page 8 of 10

*Alvarez-Roman v. Comm'r of Soc. Sec.*, Civil. No. 19-1780 (BJM)                                           8

It is up to the courts to determine whether a fee amount requested pursuant to 406(b) is reasonable. *See Gisbrecht*, 535 U.S. at 807. When determining if a fee is reasonable, courts should first look to the contingent fee arrangement, then test for reasonableness based on the character of the representation and the results the representative achieved. *Id*. at 808. Torres states that he spent a total of 20.5 hours working on Alvarez's case at the district court level. Dkt. 41 at 5. Torres's 406(b) fee petition therefore amounts to a *de facto* rate of approximately $864.52 per hour, or the requested $17,722.75 divided by the 20.5 hours Torres says he expended on the case. Torres did not provide a breakdown of his time log with this motion, but he did file said document with his motion for the EAJA fees. I will use the document as reference. *See* Dkt. 37-2.

If the *de facto* hourly rate was the only relevant factor in the present matter, I would find that the amount requested by Torres is excessive. However, I must also weigh other relevant factors. For example, as Torres claims, the fee amount requested does comply with the statutory cap because it is not more than 25% of Alvarez's past-due benefits. There is also no indication that the terms of the contingent fee agreement reached by Torres and Alvarez were unreasonable, and the agreement provides for Torres to keep 25% of Torres's past-due benefits. *See* Dkt. 41-1. Though courts have the duty to serve as an independent check regarding the reasonableness of fees requested pursuant to § 406(b), this duty must be balanced against a client and his attorney's free and willful decision to enter into a contingency-fee agreement and their right to have that agreement upheld. *See Falcon v. Comm'r of Soc. Sec.*, 19-CV-1914 (MDM), Dkt. 32 at 8. Additionally, it has been clearly established that a fee should not be reduced unless it is "inordinately large." *See, e.g.*, *Gisbrecht*, 535 U.S. at 806-07.

There also is no indication that Torres's conduct was improper or that his representation was significantly substandard. A review of the docket and his time log reveals that Torres

Case 3:19-cv-01780-BJM    Document 48    Filed 03/05/25    Page 9 of 10

*Alvarez-Roman v. Comm'r of Soc. Sec.*, Civil. No. 19-1780 (BJM)                                              9

performed substantive work, such as drafting the complaint, reviewing transcripts and meeting with Alvarez to discuss the administrative decisions, court orders and further steps. *See* Dkt. 37-2. Torres also had to spend time familiarizing himself with the record as he did not represent Alvarez in the administrative proceedings where Alvarez was denied benefits. And ultimately, Torres achieved complete success because I found in claimant's favor and remanded the case for further proceedings at the agency.

On balance, I find that Torres's request is reasonable. Although the hourly rate in other Social Security attorney awards made to Torres by this court have been slightly lower, the *de facto* hourly rate of $864.52 here is not unreasonably higher. *See, e.g.*, *Edwin E.P. v. Comm'r of Soc. Sec.*, 21-CV-1383 (GLS), Dkt. 23 (awarding a *de facto* hourly rate of $740.08 for 12.85 hours); *Nunez Claudio v. Comm'r of Soc. Sec.*, 19-CV-1589 (CVR), Dkt. 28 (approving a *de facto* hourly rate of $712.03 for 35.7 hours). Additionally, if I consider that this court has approved fees between $600 and $1,231.50 for cases where there was a voluntary remand, Torres's *de facto* hourly rate of $864.52 is not unreasonable for more substantive work. *See, e.g.*, *Piñeiro-Fuentes v. Comm'r of Soc. Sec.*, 18-CV-1556 (MDM), 2023 WL 6605907 (D.P.R. Oct. 10, 2023) (approving *de facto* hourly rate of $1,010 for 19.8 hours of work on case involving post-briefing voluntary remand); *Vazquez-Soto v. Comm'r of Soc. Sec.*, 19-CV-1168 (MDM), 2023 WL 4285991 (D.P.R. June 30, 2023) (reduced fee award resulting in *de facto* hourly rate of $1,231.50 for 7.8 hours of work in case involving pre-briefing voluntary remand); *Hernandez-Miranda v. Comm'r of Soc. Sec.*, 18-CV-1390 (MEL), 2022 WL 6174113 (D.P.R. Oct. 10, 2022) (reduced fee award due to pre-briefing voluntary remand resulting in *de facto* rate of $815.22 for 9.2 hours); *Santiago Diaz v. Comm'r of Soc. Sec.*, 19-CV-1139 (MEL), 2022 WL 420443 (D.P.R. Feb. 11, 2022) (granting an award of $6,180.00 for 10.3 hours of billable work despite denying $25,000.00

Case 3:19-cv-01780-BJM   Document 48   Filed 03/05/25   Page 10 of 10

*Alvarez-Roman v. Comm'r of Soc. Sec.*, Civil. No. 19-1780 (BJM)                                              10

as excessive, which amounts to $600.00 an hour); *Pagan-Torres v. Comm'r of Soc. Sec.*, 18-CV-1921 (MDM), Dkt. 42 (granting an award of $5,111.00 in attorney fees for 8.3 hours of billable work despite denying the attorney's full claim of $11,000.00 as excessive, which amounts to approximately $615.78 per hour).

Accordingly, I grant Torres's petition for attorney's fees in the amount of $17,722.75 under §406(b) but deny his request that the agency only process the net amount of the fees.

## CONCLUSION

For the foregoing reasons, Torres's petition for attorney fees under § 406(b) is **GRANTED IN PART** and payment of the gross amount of $17,722.75 in attorney fees to Torres is authorized. Torres is ordered to refund Alvarez $3,900.00 in fees previously awarded to Torres and subsequently paid to him pursuant to the EAJA; payment should be made within seven days of receipt of the 406(b) fees.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 5th day of March 2025.

S/ *Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge